UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JOAN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:05-CV-24 |
| | ) | |
| WALMART, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Defendant WalMart made an oral motion to dismiss with this Court on September 13, 2005, contending that *pro se* Plaintiff Joan Thomas ("Thomas") has failed to participate in the proceedings of this litigation and has apparently abandoned the lawsuit. (Docket # 26.) Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(d)(1), the undersigned Magistrate Judge recommends that this case be dismissed as a sanction under Federal Rule of Civil Procedure 16(f) because Thomas failed to appear for two conferences with this Court on September 13, 2005, and October 3, 2005, and has failed to respond to WalMart's outstanding discovery requests in violation of the Court's September 13 Order. (Docket # 26-27, 30.) This Report and Recommendation is based on the following facts and principles of law.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Thomas filed a complaint against WalMart on February 4, 2005, alleging WalMart discriminated against her on the basis of her race, religion, and gender, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and then retaliated against her, thereby violating 42 U.S.C. ¶ 1981. (Docket # 4.) Thomas gave the Court telephonic notice of

her change of address on March 21, 2005. (Docket #13.) A pretrial conference was held with this Court, Thomas, and counsel for WalMart on March 24, 2005, and discovery commenced thereafter. (Docket # 19.)

On August 31, 2005, WalMart filed a motion to compel Thomas to answer interrogatories and produce documents, and a hearing was set for September 13, 2005. (Docket # 23, 24, 26.) A notice then issued to Thomas, and as the mailing was returned as undeliverable, notice was resent to the forwarding address listed on the envelope (Docket # 25.) Thomas failed to appear for the September 13 scheduling conference and hearing on the motion to compel; accordingly, WalMart made an oral motion to dismiss. (Docket #26.) Rather than dismissing the case, the Court ordered Thomas to respond to WalMart's outstanding discovery requests by September 28, 2005, and ordered a hearing on WalMart's motion to dismiss and another scheduling conference for October 3, 2005. (Docket # 26.) A notice then issued directing Thomas to be personally present at the hearing on defendant's motion set for October 3, 2005, warning her that sanctions, including possible dismissal of this action, would be imposed if she failed to appear. (Docket # 27.) This mailing was returned as undeliverable; it was subsequently resent to Thomas's Manck Road address and was again returned. (Docket #28-29.) Thomas did not respond to WalMart's outstanding discovery requests by September 28, nor did she appear at the October 3 hearing. (Docket # 30.)

### III. DISCUSSION

Rule 16(f) provides in relevant part that "[i]f a party . . . fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, . . . the judge, upon motion or the judge's own initiative, may make such orders with

2

regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Dismissal is among the remedies set forth in Rule 37(b)(2)(C). However, dismissal "should be used 'only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable.'" *Spain v. Bd. of Educ. of Meridian Cmty. Unit Sch. Dist. No. 101*, 214 F.3d 925, 930 (7th Cir. 2000) (quoting *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000)) (internal quotations and citations omitted). In deciding whether to dismiss an action under these circumstances, a court should consider factors such as the frequency and magnitude of a plaintiff's failure to comply with deadlines, the effect a plaintiff's failures has had on the court's ability to manage its calendar, and the prejudice suffered by the defendants. *Ball v. City of Chicago*, 2 F.3d 752, 759-60 (7th Cir. 1993).

Thomas has failed to appear at two conferences with this Court and has failed to respond to WalMart's outstanding discovery requests, even when ordered by the Court. The Court withheld sanctions, choosing instead to reschedule and provide Thomas with an additional opportunity to appear. Thomas did not avail herself of this opportunity, nor did she advise the Court or opposing counsel as to the reasons for her non-appearances. Furthermore, she did not give any additional notice of a new address; she was apparently aware of the requirement as she gave notice on March 21. Thus, there is a "clear record of delay" entirely attributable to Thomas. *Spain*, 214 F.3d at 930. Moreover, Thomas was expressly warned that this action could be dismissed if she did not appear, but this failed to elicit a response or an appearance.

The scarce judicial resources of this division and WalMart's interest in avoiding unnecessary waste of time, energy, and expense clearly indicate that this case should be dismissed, despite Thomas's *pro se* status. Dismissal is particularly appropriate given Thomas's

wholesale failure to comply with the Court's orders and apparent disinterest in pursuing her claims.[1]

## IV. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the WalMart's motion to dismiss (Docket # 31) be GRANTED and this action be DISMISSED WITH PREJUDICE pursuant to Rule 16(f).

WalMart has also requested attorney's fees, but the Court recommends that this request be DENIED as it notes that Thomas is proceeding in *forma pauperis*.

The Clerk is directed to send a copy of this Report and Recommendation to Thomas at her last known address and to counsel for WalMart. NOTICE IS HEREBY GIVEN that within ten days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Lerro v. Quaker Oats Co.*, 84 F.3d 239 (7th Cir. 1996).

Enter for this 3rd day of October, 2005.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[1] The Court is aware of the general proposition that "the law favors giving plaintiffs their day in court." *Stevens v. Greyhound Lines*, 710 F.2d 1224, 1228 (7th Cir. 1983). However, "[p]laintiff's actions have frustrated the court's attempts to manage properly this action pursuant to Rule 16(b) and wasted increasingly scarce judicial resources." *Gorsline v. State of Kan.*, 1994 WL 413846, at *1 (D. Kan. July 28, 1994).

Courts have dismissed actions under similar circumstances. For example, the *Gorsline* court dismissed a *pro se* plaintiff's case for failure to appear for three preliminary pretrial conferences. Similarly, in *Hall v. Flynn*, 829 F.Supp. 1401 (N.D.N.Y. 1993), the district court dismissed a *pro se* plaintiff's complaint after missing only one pretrial scheduling conference.